# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CLINTON ROSS,**
**D.O.C. # 086866,**

    **Plaintiff,**

**vs.**                                                          **Case No. 4:19cv589-MW-CAS**

**MARK INCH, et al.,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was granted in forma pauperis status, ECF No. 5, and given additional time in which to pay the assessed initial partial filing fee. ECF No. 9. Plaintiff has now paid more than the assessed fee, ECF No. 11, and he has also filed an amended civil rights complaint, ECF No. 12. In light of the payment submitted, ECF No. 11, Plaintiff's motion requesting an extension of time to pay the fee, ECF No. 10, is denied as moot. The Court notes that Plaintiff has also filed a "notice of intent." ECF No. 12. No further action is required concerning that document.

Plaintiff's amended complaint is brought against four Defendants - the State of Florida, Mark Inch (Secretary of the Florida Department of Corrections), Washington County, Florida, and Suwannee County, Florida. ECF No. 6 at 1, 2.  Plaintiff alleges that his due process rights have been violated.  *Id.* at 7.  He also contends he is subjected to cruel and unusual punishment because of his current incarceration.  *Id.*  Plaintiff claims he was given a prison sentence of 31 years for a crime that was not recognized by the State of Florida between 1984 and 1994.  *Id.*  As relief, Plaintiff seeks 2 million dollars and 100 "square acres of state owned land," with power, a septic tank, cleared and fenced, in a "no flood zone," among other things.  *Id.* at 8.

Plaintiff further contends that Defendant Inch lacks legal authority to detain him.  ECF No. 6 at 8.  Plaintiff claims his state constitutional rights are violated and Defendant Inch has falsely imprisoned him.  *Id.*

Plaintiff's claim against Washington County is based on Plaintiff's 1989 conviction for attempted felony murder for which he was given a life sentence.  ECF No. 6 at 9.  Again, Plaintiff contends that such a crime did not exist at that time.  *Id.*  He seeks to hold the county liable for the actions

of the prosecutor who "should have known" the crime did not exist. *Id.* Plaintiff seeks $300,000.00 in monetary compensation. *Id.*

Plaintiff's claim against Suwannee County is based on the fact that in October of 2019, Plaintiff filed a petition for writ of habeas corpus in the state circuit court. Plaintiff contends that the court "failed to correct [that] 'manifest injustice'" and as relief, he seeks monetary compensation. *Id.*

Plaintiff's amended complaint cannot proceed as filed. First, Plaintiff may not sue the State of Florida for monetary damages under § 1983. Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L. Ed. 2d 45 (1989). Furthermore, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. <u>Carr v. City of Florence, Alabama</u>, 916 F.2d 1521, 1524 (11th Cir. 1990).

Second, Plaintiff has not stated a plausible claim against either of the counties in his amended complaint. The Supreme Court has held that "a municipality cannot be held liable under [48 U.S.C.] § 1983 on a respondeat superior theory." <u>Monell v. Dept. of Social Services</u>, 436 U.S.

658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To sue a municipality, a plaintiff must allege sufficient facts which show that: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing City of Canton, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). Here, Plaintiff not alleged facts which show that either county had a custom or policy which violated his rights. Rather, Plaintiff's amended complaint seeks to impose liability on Washington County because of the actions of a prosecutor. Plaintiff seeks to impose liability on Suwannee County because a circuit court did not grant his petition for a writ of habeas corpus. Those claims are insufficient as a matter of law.

Third, the law is clear that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994)

(barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295). That is precisely what Plaintiff seeks to do in this civil rights case. These claims cannot go forward, whether brought against the State, Defendant Inch, or a county.

     Plaintiff's amended complaint reveals that he is serving a life sentence in addition to a sentence for a term of years. Judicial notice is

taken that Plaintiff's conviction has not been overturned and his federal habeas petition was denied.  *See* case # 1:06cv232-MP-AK.  Plaintiff's request to file a second or successive habeas petition was denied by the Eleventh Circuit Court of Appeals in September 2013.  ECF No. 34 of case # 5:08cv188-MCR-AK.  A second request to file another habeas petition was similarly denied in April 2018.  ECF No. 35 of case # 5:08cv188-MCR-AK.  Thus, Plaintiff's convictions have "not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Pataki, 320 F.3d at 1294 (quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372).  Accordingly, Plaintiff cannot meet the "favorable termination requirement" to bring this § 1983 civil rights action challenging his convictions.  This action should be summarily dismissed because it is barred by Heck.

Accordingly, it is **ORDERED** that Plaintiff's motion for an extension of time in which to pay the partial filing fee, ECF No. 10, be **DENIED as moot**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief

Case No. 4:19cv589-MW-CAS

may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**